| | |
|---|---|
| STATE OF INDIANA<br>COUNTY OF MARION ) SS: | MARION SUPERIOR COURT<br>CIVIL DIVISION, ROOM 4<br>CAUSE NO. 49D04 18 10 OV  041583 |

THE CONSOLIDATED CITY OF
INDIANAPOLIS and MARION COUNTY,
INDIANA, and THE METROPOLITAN
DEVELOPMENT COMMISSION OF
MARION COUNTY, INDIANA,

    Plaintiffs,

v.

RAYMOND PECK,

    Defendant.

FILED
OCT 17 2018  (33)
Myla A. Eldridge
CLERK OF THE MARION CIRCUIT COURT

## COMPLAINT FOR INJUNCTION AND FINE

Come now the Plaintiffs, the Consolidated City of Indianapolis and Marion County, Indiana, and the Metropolitan Development Commission of Marion County, Indiana, by counsel, and for its Complaint against the Defendant states the following:

1. Plaintiff, the Consolidated City of Indianapolis and Marion County, Indiana, is a political subdivision authorized by I.C. 36-3.

2. Section 740-1002 of the Revised Code of the Consolidated City of Indianapolis and Marion County ("Revised Code") authorizes the Metropolitan Development Commission of Marion County, Indiana ("Commission") to institute a suit for injunctive relief in the Superior Courts of Marion County, Indiana, for violations of provisions of any Code or land use regulation of Marion County, Indiana.

3. Defendant, Raymond Peck, is the owner and/or occupant of the Real Estate commonly known as 10832 Portside Court, Indianapolis, Marion County, Indiana ("Real Estate").

4. The Real Estate is zoned D-P and its use and development, both primary and accessory, are regulated by the Revised Code, including Chapters 740-744.

5. The Real Estate contains a Class 2 structure, a building or structure that is intended to contain or contains only one (1) dwelling unit or two (2) dwelling units.

6. Section 561-221 of the Revised Code states "except for activity specified in subsection (b), it shall be unlawful for a person, partnership or corporation to undertake or accomplish any land alteration without having in force a written drainage permit obtained from the division of compliance. A violation of this section is subject to the enforcement procedures and penalties provided in section 103-3 of this Code; provided, however, the fine imposed for such violation shall not be less than one hundred dollars ($100.00), and each day that an offense continues shall constitute a separate violation."

7. Section 561-109 defines land alteration and includes terracing, grading, excavating, constructing earthwork, draining, installing drainage tile, filling and paving.

8. Section 561-263 of the Revised Code authorizes the issuance of a Stop Work Order when land alteration for which a drainage permit is required is proceeding without a drainage permit being in force.

9. Section 561-264 of the Revised Code authorizes the City of Indianapolis to initiate a civil action to restrain any person, partnership or corporation accomplishing land alteration or any person, partnership or corporation which owns land from allowing land alterations without complying with the requirements of Chapter 561 of the Revised Code.

10. Section 561-332 requires land alteration to be carried out in conformity with covenants executed in connection with rezoning cases, commitments, variance conditions, plat restrictions and building code standards of Chapter 536 of the Revised Code.

11. Chapter 536 of the Revised Code contains the buildings and construction ordinances for the City of Indianapolis.

2

12. Section 536-201(a) of the Revised Code provides that, except for construction specifically exempted, it shall be unlawful for a person, partnership or corporation to engage in any construction or demolition or removal of a structure unless a written building permit issued by the department of business and neighborhood services describing the activity has been obtained by and is in force relative to the person accomplishing, supervising, or contractually responsible for accomplishment of the construction allowed by the building permit.

13. Section 536-707 of the Revised Code allows the City of Indianapolis to initiate a civil action to restrain any person, partnership or corporation from violating a provision of this chapter or any building standard or procedure.

14. Section 536-801 of the Revised Code sets forth the minimum standards for structures and building equipment.

15. Section 740-202 of the Revised Code defines minor residential structure as: "Structures that are subordinate and secondary to the primary residential use of a property, such as garages, carports, porches, decks or patios 18 inches or greater in height, mini-barns, sheds, workshops, swimming pools, hot tubs, porte-cocheres, bathhouses, cabanas, secondary dwelling unit, shelters for personal livestock, greenhouses, and other accessory buildings or structures similar and comparable in character to these uses.

16. Section 740-1006.A and Section 103-51 of the Revised Code provide that the first civil zoning violation in a calendar year ("first civil zoning violation") is subject to admission of the violation and payment of a $50.00 fine.

17. Section 740-1005.B of the Revised Code provides that each day a civil zoning violation remains uncorrected constitutes a second or subsequent violation.

18. Section 103-3(a) of the Revised Code provides that any person found to have committed a violation of the Revised Code shall be fined not more than $2,500.00 or not more than $7,500.00 for a second or subsequent violation.

19. Section 103-3(b) of the Revised Code provides that the City may enjoin or abate any violation of the Code by appropriate action.

20. Section 103-59 of the Revised Code provides that the city prosecutor may initiate judicial proceedings against a person who fails to admit, deny, or pay a citation for a first civil zoning violation within the time limits set forth in that section.

## COUNT I

21. Inspection of the Real Estate on or about May 24, 2017, revealed the Defendant caused, suffered or allowed land alteration, as defined by Chapter 561 of the Revised Code, at the Real Estate without first obtaining a drainage permit, including but not limited to the construction of a tiered porch, a violation of Section 561-221 of the Revised Code.

22. On or about May 25, 2017, a Stop Work Order was issued to the Defendant pursuant to Section 561-263 of the Revised Code, requiring all construction and/or land alteration to cease until the required permits are issued.

23. Re-inspection of the Real Estate on or about June 29, 2017, revealed that work had continued over the May 25, 2017, Stop Work Order, specifically, the construction of a tiered porch and/or outdoor kitchen without first obtaining all required permits, a violation of Section 561-264 of the Revised Code.

24. Re-inspection of the Real Estate on or about June 11, 2018, revealed that the violation remained, specifically, the completed construction of a tiered porch and/or outdoor kitchen over the Stop Work Order.

25. As of October 12, 2018, no drainage permit had been issued and the violation remained uncorrected.

## COUNT II

26. Inspection of the Real Estate on or about May 24, 2017, revealed the Defendant caused, suffered or allowed land alteration, as defined by Chapter 561 of the Revised Code, including but not limited to the construction of a tiered porch, at the Real Estate without first obtaining a drainage permit, a violation of Section 561-221 of the Revised Code.

27. On or about May 25, 2017, a Stop Work Order was issued to the Defendant pursuant to Section 561-263 of the Revised Code, requiring all construction and/or land alteration to cease until the required permits are issued.

28. Re-inspection of the Real Estate on or about June 29, 2017, revealed that the violation remained, specifically, the completed or nearly completed construction of the tiered porch and/or outdoor kitchen, without first having obtained the required drainage permit, a violation of Section 561-221 of the Revised Code.

29. On or about July 3, 2017, Defendant was issued a Notice of Violation for the failure to obtain a drainage permit for the land alteration at the Real Estate, the construction of the tiered porch and/or outdoor kitchen, a violation of Section 561-221 of the Revised Code.

30. Re-inspection of the Real Estate on or about June 11, 2018, revealed that the violation continued and a second Notice of Violation was issued to the Defendant for the ongoing violation of Section 561-221 of the Revised Code.

31. As of October 12, 2018, no drainage permit had been issued and the violation remained uncorrected.

## COUNT III

32. On or about July 31, 2017, inspection of the Real Estate found that the Defendant, in violation of Section 536-201(a) of the Revised Code, caused, suffered or allowed construction activities at the Real Estate without first obtaining a building permit from the department of business and neighborhood services, City of Indianapolis. Specifically, Defendant caused, suffered or allowed the erection or construction of a tiered patio and/or outdoor kitchen that exceeds thirty (30) inches above finished grade without the required structural permit.

33. On or about on July 31, 2017, a Stop Work Order was issued to the Defendant and posted at the Real Estate requiring all construction activity to cease until all required permits are obtained.

34. Re-inspection of the Real Estate on or about April 26, 2018, revealed that the violation remained uncorrected and on or about April 26, 2018, a First Notice of Violation letter was issued to the Defendant.

35. Re-inspection of the Real Estate on or about August 17, 2018, revealed that the violation remained uncorrected and a Second Notice of Violation letter was issued to the Defendant.

36. As of October 12, 2018, no structural permit had been issued and the violation remained uncorrected.

## COUNT IV

37. On or about July 31, 2017, inspection of the Real Estate found that the Defendant, in violation of Section 536-201(a) of the Revised Code, caused, suffered or allowed construction activities at the Real Estate without first obtaining a building permit from the department of business and neighborhood services, City of Indianapolis. Specifically, Defendant caused, suffered or allowed the installation of electrical service to

an exterior patio and/or outdoor kitchen without first obtaining the required electrical permit.

38. On or about on July 31, 2017, a Stop Work Order was issued to the Defendant and posted at the Real Estate requiring all construction activity to cease until all required permits are obtained.

39. Re-inspection of the Real Estate on or about April 26, 2018, revealed that the violation remained uncorrected and on or about April 26, 2018, a First Notice of Violation letter was issued to the Defendant.

40. Re-inspection of the Real Estate on or about August 17, 2018, revealed that the violation remained uncorrected and a Second Notice of Violation letter was issued to the Defendant.

41. As of October 12, 2018, no electrical permit had been issued and the violation remained uncorrected.

## COUNT V

42. Section 740-1005.A.2 of the Revised Code states that the failure to obtain an Improvement Location Permit when one is required by the terms and provisions of the Zoning Ordinance is a violation of the Revised Code.

43. Inspection of the Real Estate on or about July 31, 2017, revealed the erection or construction of a minor residential structure, specifically a patio exceeding eighteen (18) inches in height, without first obtaining an Improvement Location Permit, a violation of Section 740-1005.A.2 of the Revised Code.

44. On July 31, 2017, a Stop Work Order was issued to the Defendant and posted at the Real Estate.

7

45. On August 1, 2017, a Notice of Violation was issued to Defendant for the failure to obtain an Improvement Location Permit for the erection or construction of a minor residential structure, a patio exceeding eighteen (18) inches in height.

46. Re-inspection of the Real Estate on or about April 26, 2018, revealed that the violation remained.

47. On or about April 26, 2018, Defendant was issued citation CIT18-001561 for the failure to obtain an Improvement Location Permit when one is required by the terms and provisions of the ordinance, specifically for the construction of a minor residential structure, a patio exceeding eighteen (18) inches in height, in violation of Section 740-1005.A.2 of the Revised Code.

48. Defendant has failed to admit or deny the citation according to the provisions of Chapter 103 of the Revised Code.

49. On or about August 17, 2018, re-inspection of the Real Estate found the violation remained uncorrected, which constitutes a second and/or subsequent violation in a twelve-month period.

50. As of October 12, 2018, no Improvement Location Permit had been issued for the construction of a minor residential structure, a patio exceeding eighteen (18) inches in height, and the violation remained uncorrected.

## COUNT VI

51. Section 740-1005.A.8 of the Revised Code states that the failure to comply with use-specific standards and zoning district development standards is a violation of the Revised Code.

52. Inspection of the Real Estate on or about July 31, 2017, revealed the location, erection or construction of a minor residential structure, specifically a tiered patio and/or outdoor kitchen in the side yard setback, located within the side yard setback, eight-foot

side and twenty-two foot aggregate side yard setback required as per 79-Z-107 Plat Restrictions, a violation of Section 740-1005.A.8 of the Revised Code.

53. On August 1, 2017, a Notice of Violation was issued to Defendant for the location, erection or construction of a minor residential structure, specifically a tiered patio and/or outdoor kitchen, within the side yard setback, eight-foot side and twenty-two foot aggregate side yard setback required as per 79-Z-107 Plat Restrictions.

54. Re-inspection of the Real Estate on or about April 26, 2018, revealed that the violation remained.

55. On or about April 26, 2018, Defendant was issued citation CIT18-001562 for the location, erection or construction of the minor residential structure, a tiered patio and/or outdoor kitchen, within the side yard setback, a violation of Section 740-1005.A.8 of the Revised Code.

56. Defendant has failed to admit or deny the violation according to the provisions of Chapter 103 of the Revised Code.

57. On or about August 17, 2018, inspection of the Real Estate found the violation remained uncorrected, which constitutes a second and/or subsequent violation in a twelve-month period.

WHEREFORE, Plaintiff prays that Defendant be fined in the amount of $2,500.00 per day for the violations. Plaintiff respectfully requests the Court to Order Defendant to immediately correct all violations: obtain the required drainage permit(s) for the land alteration already completed at the Real Estate or return the site to its previous condition; obtain structural and electrical permits for construction activity already completed at the Real Estate or remove the structure and electrical service; obtain an Improvement Location Permit for the structure or remove the structure; move the structure from the setback.

Additionally, Plaintiff requests that the Defendant be permanently enjoined from maintaining any land alteration, construction activity, structures without the required drainage, building or Improvement Location Permits and all setback violations at the Real Estate. Finally, Plaintiff prays for the costs of this action, and for all other relief just and proper in the premises.

Respectfully submitted,

THE CONSOLIDATED CITY OF
INDIANAPOLIS and MARION COUNTY,
INDIANA, and the METROPOLITAN
DEVELOPMENT COMMISSION OF MARION
COUNTY, INDIANA

by: /s/: Deborah L. Law
Deborah L. Law #18402-49
City Prosecutor
Office of Corporation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, IN 46204
Telephone: (317) 327-4055
Deborah.Law@indy.gov